# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * * * *
GARY GIANNANTONIO,              *
Parent of C.G., a minor,        *
                                *     No. 18-497V
             Petitioner,        *     Special Master Christian J. Moran
                                *
v.                              *     Filed:  January 14, 2025
                                *
SECRETARY OF HEALTH             *
AND HUMAN SERVICES,             *
                                *
             Respondent.        *
* * * * * * * * * * * * * * * * * * * * *
```

Phyllis Widman, Widman Law Firm, LLC, Linwood, NJ, for Petitioner;
Sarah Black Rifkin, United States Dep't of Justice, Washington, DC, for
Respondent.

### <u>UNPUBLISHED DECISION AWARDING<br>ATTORNEYS' FEES AND COSTS</u>[1]

Pending before the Court is petitioner Gary Giannantonio's motion for final attorneys' fees and costs. He is awarded **$70,455.29**.

*    *    *

On April 4, 2018, petitioner filed for compensation under the Nation Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 through 34, alleging that a

---

[1] Because this published decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This posting means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

varicella vaccine given to his daughter, C.G., caused her to suffer a neurologic problem, known as acute disseminated encephalomyelitis ("ADEM"). The parties developed their positions by retaining experts who wrote reports and then arguing through legal memoranda. Mr. Giannantonio was found not entitled to compensation. Entitlement Decision, 2023 WL 2721387 (Mar. 30, 2023).

On March 3, 2023, Mr. Giannantonio challenged this determination by filing a motion for review. The motion for review was denied on August 3, 2023. 168 Fed. Cl. 84 (2023).

Mr. Giannantonio now seeks an award of attorneys' fees and costs. He requests attorneys' fees of $58,479.25, and attorneys' costs of $14,900.00, for a total request of $73,379.25. Pet'r's Mot., filed Mar. 5, 2024, at 3-4. Petitioner warrants that he personally incurred $257.95 costs related to the prosecution of this case. Id. at 3. The Secretary did not interpose any objection to the amounts requested and deferred to the special master's assessment. Resp't's Resp., filed Mar. 7, 2024. Petitioner did not file a reply thereafter.

*    *    *

Although compensation was denied, petitioners who bring their petitions in good faith and who have a reasonable basis for their petitions may be awarded attorneys' fees and costs. 42 U.S.C. § 300aa-15(e)(1). In this case, although petitioner's claim was ultimately unsuccessful, the undersigned finds that good faith and reasonable basis existed throughout the matter. Respondent has also indicated that he is satisfied that the claim has good faith and reasonable basis. Respondent's position greatly contributes to the finding of reasonable basis. See Greenlaw v. United States, 554 U.S. 237, 243 (2008) ("[W]e rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present."). A final award of reasonable attorneys' fees and costs is therefore proper in this case and the remaining question is whether the requested fees and costs are reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. This is a two-step process. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008). First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial

2

calculation of the fee award based on specific findings.  Id. at 1348.  Here, because the lodestar process yields a reasonable result, no additional adjustments are required.  Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness.  See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018).

A.    Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation.  Avera, 515 F.3d at 1349.  There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower. Id. 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)). In this case, all the attorneys' work was done outside of the District of Columbia.

Petitioner requests compensation for attorney Phyllis Widman at the following rates: $350.00 per hour for time billed between 2018 and 2020, $375.00 per hour for time billed in 2021, $400.00 per hour for time billed in 2022, and $420.00 per hour for time billed in 2023. These rates are consistent with what Ms. Widman has previously been awarded for her Vaccine Program work.  See, e.g., Hughes v. Sec'y of Health & Human Servs., No. 20-1548V, 2024 WL 1253782 (Fed. Cl. Spec. Mstr. Feb. 28, 2024); Elder v. Sec'y of Health & Human Servs., No. 21-0028V, 2023 WL 4196770 (Fed. Cl. Spec. Mstr. May 26, 2023). Additionally, Ms. Widman requests an increased hourly rate of $480.00 for 2024. The undersigned notes that this is a usually considered a rather high year-over-year increase; however, Ms. Widman's requested rate is commensurate with her 25 years of experience practicing law and 10 years of experience in the Vaccine Program. Accordingly, the undersigned finds that this specific increase and rate are reasonable, and will award the requested rate for Ms. Widman.

B.    Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

3

Upon review of the submitted billing records, the undersigned finds that an overall reduction to the hours billed is necessary for several reasons. First, multiple entries involving tasks that are considered paralegal in nature[2] were billed at the attorneys' hourly rates. See Pet'r's Mot. Ex. A. For example, Ms. Widman billed an attorney rate for preparation of correspondence regarding transcribed records, reviewing emails, dictation and review of exhibit filings, reviewing voicemail messages, drafting basic notices, and reviewing documents filed in CM/ECF. Id.

Second, Petitioner seeks attorneys' fees for work performed by Ms. Widman that is generally not reimbursed in vaccine cases such as work that is considered secretarial in nature. *Id.* For example, Ms. Widman billed for preparation of a administrative documents, filing documents in CM/ECF, and preparation of emails. See Pet'r's Mot. Ex. A.

Finally, there is a general issue of vagueness with some of the billing entries. Ms. Widman billed some entries as "File review," and there are some entries that indicate a review of an email or phone call with no further description of the communication. See Pet'r's Mot. Ex. A. Special masters have previously decreased an award of attorneys' fees for vagueness. Mostovoy v. Sec'y of Health Human Servs., No. 02-10V, 2016 WL 720969 (Fed. Cl. Spec. Mstr. Feb. 4, 2016); Barry v. Sec'y of Health and Human Servs., 12-39V, 2016 WL 6835542 (Fed. Cl. Spec. Mstr. Oct. 25, 2016). An application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable. Bell v. Sec'y of Health & Human Servs., 18 Cl.Ct. 751, 760 (1989). Petitioners bear the burden of documenting the fees and costs claimed. Rodriguez v. Sec'y of Health & Human Servs., No. 06-559V, 2009 WL 2568468, at *8 (Fed. Cl. Spec. Mast. July 27, 2009).

For all these reasons, the undersigned finds that a reduction is necessary to achieve "rough justice." See Florence v. Sec'y of Health & Human Servs., No. 15-255V, 2016 WL 6459592, at *5 (Fed. Cl. Spec. Mstr. Oct. 6, 2016) (citing Fox v. Vice, 563 U.S. 826, 838 (2011)). In evaluating a motion for attorney's fees and

---

[2] Attorneys may be compensated for paralegal-level work, but only at a rate that is comparable to that of a paralegal. See, e.g., Doe/11 v. Sec'y of Health & Human. Servs., No. XX-XXXV, 2010 WL 529425, at *9-10 (Fed. Cl. Spec. Mstr. Jan. 29, 2010) (citing Missouri v. Jenkins, 491 U.S. 274, 288 (1989)); Mostovoy v. Sec'y of Health & Human Servs., No. 02-10V, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016); Riggins. v. Sec'y of Health & Human Servs., No. 99-382V, 2009 WL 3319818, at *20-21 (Fed. Cl. Spec. Mstr. June 15, 2009); Turpin v. Sec'y of Health & Human Servs., No. 99-535, 2008 WL 5747914, at *5-7 (Fed. Cl. Spec. Mstr. Dec. 23, 2008).

costs, special masters "need not, and indeed should not, become green-eyeshade accountants." <u>Fox</u>, 563 U.S. 826, 838. Accordingly, the undersigned finds a reduction of five percent in attorneys' fees is warranted in this case. This results in a **reduction of $2,923.96**.

    C.    <u>Costs Incurred</u>

Like attorneys' fees, a request for reimbursement of costs must be reasonable. <u>Perreira v. Sec'y of Health & Human Servs.</u>, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), <u>aff'd</u>, 33 F.3d 1375 (Fed. Cir. 1994). Petitioner requests a total of $14,900.00 in attorneys' costs. Pet'r's Mot. at 3. This amount is comprised of the Court's filing fee and expert services provided by Dr. Georges A. Ghacibeh. Pet'r's Mot. Ex. B; Pet'r's Mot. Ex. C. Petitioner provided a receipt number for the Court's filing fee and stated, "Pending from United States Court of Federal Claims;" however, petitioner did not supplement the record with the actual receipt. <u>See</u> Pet'r's Mot. Ex. B. Petitioners bear the burden of substantiating and establishing the reasonableness of costs expended with "supporting documentation such as receipts, invoices, canceled checks, etc." <u>Solomon v. Sec'y of Health & Human Servs.</u>, No. 14-748V, 2016 WL 8257673, at *8 (Fed. Cl. Spec. Mstr. Oct. 27, 2016) (quoting <u>Ceballos v. Sec'y of Health & Human Servs.</u>, No. 99-097V, 2004 WL 784910, at *13 (Fed. Cl. Spec. Mstr. Mar. 25, 2004)). The undersigned will nevertheless allow reimbursement for the Court's filing fee. Counsel is warned that her clients must provide sufficient evidence to substantiate the costs for which they are requesting reimbursement. While allowed in this case, future requests from petitioners with insufficient documentation may result in the reduction or denial of said costs.

Petitioner also requests $14,500.00 for expert services provided by Dr. Ghacibeh, billed at a rate of $500.00 per hour for 29 hours. Pet'r's Mot. Ex. D. Dr. Ghacibeh prepared three expert reports between 2020 and 2021. <u>Id.</u> The requested rate is consistent with what Dr. Ghacibeh has been previously awarded, and the total amount requested is reasonable for the work he performed in this case. <u>See</u> <u>Foukarakis v. Sec'y of Health & Human Servs.</u>, No. 20-1547V, 2024 WL 1156130 (Fed. Cl. Spec. Mstr. Feb. 22, 2024). Accordingly, the attorneys' costs shall be fully reimbursed. Petitioner is therefore awarded $14,900.00.

Finally, petitioner requests reimbursement for personal costs he incurred in prosecuting this case in the amount of $257.95 for acquiring medical records. Accordingly, petitioner's personal costs have been well-documented and are reasonable and shall be fully reimbursed.

D.    Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, the undersigned awards the following:

1.  A lump sum in the amount of **$70,455.29** (representing $55,555.29 in attorneys' fees and $14,900.00 in attorneys' costs) to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.

2.  A lump sum in the amount of **$257.95** for petitioner's personal costs to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.